[Civ. No. 931. Fourth Appellate District.—August 4, 1932.]

E. A. ALLEN, Respondent, v. GEORGE M. LACK, Appellant.

Harry W. Horton for Appellant.

C. L. Brown for Respondent.

BARNARD, P. J.—This is an action to recover certain rentals claimed to be due under the provisions of a written lease. Under date of November 14, 1924, the plaintiff leased 160 acres of land to the defendant for the term beginning January 15, 1925, and ending July 15, 1928. The lease recited that the plaintiff was then planting the premises to alfalfa and barley; that he would care for and irrigate the same until a good stand was obtained; that he would replant any portion of the premises upon which a good stand was not obtained; and that all of this work should be completed by January 15, 1925. The defendant agreed to take good care of the alfalfa after January 15, 1925, and "each year to replant such portion of said premises to alfalfa upon which a good stand is not maintained and growing, and each year during the fall to disc said alfalfa and plant barley therewith, . . . " The lease also contained a provision to the effect that the premises were leased only for the purpose of growing alfalfa and barley for feed, and that the lessee was not to pasture or permit any livestock upon the premises while the same were wet.

The defendant took possession of the premises on January 15, 1925, and thereafter paid the monthly rental called for by the lease. On August 7, 1926, the parties entered into a supplemental agreement, which by its terms was to be attached to and become a part of the lease. This provided as follows:

"The party of the second part represents that the Southwest quarter of the above Tract will irrigate much better if the borders are so changed that it irrigates from South to North. Party of the first part agrees to change these borders and will put in a new head ditch with concrete gates in each land for irrigating the same, and will leave the ground ready to plant and will pay and supply to the party of the second part 700 pounds of alfalfa seed for planting the same which party of the second part agrees to at once put in.

"It is further understood and agreed that the party of the first part does not guarantee a good stand on said land, and he is not to be asked to furnish any more seed or to do any more work on any part of the above 160 acres. The party of the second part agrees to continue paying the rent as heretofore and this agreement shall be in no way construed to cancel any of the terms of the lease now in force on the said Tract, dated November 14, 1924, . . . "

On October 22, 1926, a further agreement was signed by the parties reducing the amount of water rent that should be paid by the defendant. The defendant continued to farm the premises, and, for a time, to pay the rent, the last payment being made October 6, 1927, but covering the rent to June 15, 1927.

No further rent being paid, this action was brought on March 5, 1928, to recover the rent due up to that date and, later, a supplemental complaint was filed covering the rent for the balance of the term. On March 13, 1928, a notice of rescission was served by the defendant upon the plaintiff, based upon an alleged failure of consideration, stating that the property was delivered back but making no mention of adjusting or accounting for the value of the use of the property up to that time. In due time an answer and cross-complaint were filed, with various amendments, in which the allegations of the complaint were denied and further alleging that the plaintiff had represented the land in question to be

suitable for the growing of alfalfa; that these representations had been relied on; that they were false; that there was a consequent failure of consideration; and that the contract had been rescinded on March 13, 1928. After a trial, judgment was entered for the plaintiff and this appeal followed. The court found against the defendant as to the making of any misrepresentations. This finding is neither attacked nor does the record show that any evidence in support of any such allegation was offered.

The appellant now relies upon an implied warranty, under section 1932 of the Civil Code, that the land in question was suitable for the growing of alfalfa. If it be assumed that this section applies under these circumstances, it neither conclusively appears that the greater part of this land was unfit for such purpose, nor that any partial failure of crops occurred without the fault of the appellant. The record contains considerable evidence to the effect that the greater part of the land was good alfalfa land, that most of it was very good, and that all of it was fair for that purpose. It appears that some considerable crops were produced during each of the four seasons involved, that large numbers of stock were pastured thereon, and that some alfalfa was cut. There was also evidence that the appellant pastured the land when it was too wet, in violation of his contract; that he irrigated too much at times; and that these conditions were detrimental to the growing of alfalfa, especially on this particular land. While there was much evidence to the contrary, no more appears than a conflict upon this point.

The court also found that the appellant elected not to rescind the lease, that he reaffirmed the contract, and that he continued to carry out the terms of the lease and its modifications by continuing to farm the premises; by paying the rental therefor up to June 15, 1927; by executing the supplemental agreements of August 7, 1926, and October 22, 1926; and by continuing to use and occupy the property until after this suit was filed. The court also found that the appellant continued to occupy and use the premises after this action was begun, and until about June 1, 1928, within one and one-half months of the expiration of the lease. It was further found that all of these acts were done by the

appellant with knowledge of "the quality of the land and its adaptability to grow alfalfa and barley".

In respect to these particular findings, it is first maintained that there is no evidence that the appellant continued to use the premises between March 13, 1928, and June 1, 1928. While largely immaterial, this finding is amply sustained by both written and oral evidence, including the testimony of the appellant.

It is next urged that the evidence is not sufficient to sustain the finding that the appellant had knowledge of the unfitness of this land for the purpose named, prior to March 13, 1928, it being argued that up to that time the appellant was merely diligent in endeavoring to grow such crops and that not until that date did he make up his mind he would be unable to do so. Not only does the evidence fail to disclose any reason for the sudden discovery, after this action was commenced, that the land was not suitable for the growing of alfalfa, but there is considerable evidence which, with its reasonable inferences, supports the findings in question. The appellant testified that in the spring of 1925, only thirty-five acres of the land had a good stand of alfalfa and twenty acres a fair stand; that as soon as the barley was "eaten off", the land was reseeded; that he reseeded the place every spring and fall during the time he was there and also reseeded certain portions of it between irrigations; that the reseedings produced practically nothing; that he complained to the respondent in 1926 "about the place not growing alfalfa or barley."; that the respondent then agreed to reborder and replant the southwest forty acres; that this was done but thereafter the same results were obtained; and that on March 13, 1928, he finally became convinced that alfalfa and barley could not be grown on the place for feed. Another witness testified that in the spring of 1926 he dug holes in the land, examined the soil, showed this to the appellant and told him what was the matter with the land. This testimony, with considerable other evidence, supports the findings complained of (Civ. Code, sec. 1691). After an experience covering nearly two seasons, and after having had the defects in the soil particularly pointed out to him, the appellant sought and obtained from the respondent a further concession by way of improvements to one-quarter of the land, and signed an

agreement to the effect that the respondent did not guarantee a good stand of alfalfa and that he should not be required to do anything more on any part of the land. A few months later the appellant sought and accepted from the respondent a further favor in the reduction of the water rent; he then continued to pay rent over a period of another year; he continued to occupy the place with no further complaint until after this suit was filed; and, in fact, he continued to receive the beneficial use of the place until the term of the lease had practically expired. We think that any possible right of rescission was waived and that the defense sought to be set up in the cross-complaint was barred by laches. (*Freligh* v. *McGrew*, 95 Cal. App. 251 [272 Pac. 791].)

The judgment appealed from is affirmed.

Marks, J., and Harden, J., *pro tem.*, concurred.